# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

|  |  |  |
|---|---|---|
| BRENTREZ JARMYKUS MCPHERSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV624-020 |
| POPE BENEDICT, *et al.,* | ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

*Pro se* plaintiff Brentrez Jarmykus McPherson has filed a Complaint alleging that his constitutional rights have been violated during his incarceration at Smith State Prison. *See generally* docs. 1-1-13. He also moves to proceed *in forma pauperis.* Doc. 2. Since it appears that he lacks sufficient resources to prepay the filing fee, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis.*[1] Doc. 2. The

---

[1] McPherson's financial disclosures are somewhat ambiguous. *Compare* doc. 2 at 2, *with* doc. 2-1 at 2. McPherson is advised that granting him leave to proceed *in forma pauperis* does not alter the Court's obligation to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Moreover, inmates who misrepresent their financial condition may have their pleadings dismissed as a sanction, even if leave to proceed *in forma pauperis* is otherwise appropriate. *See, e.g., Wise v. Forth*, 2011 WL 1637411, at *1 (S.D. Ga. Apr. 29, 2011); *see also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This

Court's granting leave to permit McPherson to pursue this case *in forma pauperis* does not, in any way, indicate the Court's assessment of the merits of his claims. Subject to his compliance with this Order, the Court will screen his pleading pursuant to 28 U.S.C. § 1915A.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA), *all* prisoners, even those who are allowed to proceed IFP, must pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner IFP litigants must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the Complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a

---

Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court.").

claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the PLRA now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action.  42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2).  All prisoner civil rights actions filed after April 26, 1996, are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted.  Moreover, even if the Complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The PLRA also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  The only exception to this "three strikes" rule is if

the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

Because of these legal parameters, the Court will give plaintiff an opportunity, at this time, to voluntarily dismiss the Complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require plaintiff to pay the filing fee or count as a dismissal which may later subject plaintiff to the three-dismissal rule under section 1915(g).

**IT IS HEREBY ORDERED** that:

(1)    Plaintiff must furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will

---

[2] Plaintiffs are generally required to pay a filing fee in order to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid *prepayment* of the filing fee under 28 U.S.C. § 1915, but must surmount § 1915(g):

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A three-striker who fails to show "imminent danger" must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Short of that, the court dismisses the Complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

(2) Plaintiff must sign and date the enclosed **Consent to Collection of Fees from Trust Account**. By signing this form, plaintiff gives his consent to the collection of the entire filing fee from his prison account in installments, in accordance with the provisions of the Prison Litigation Reform Act.

(3) Plaintiff must return both the **Prisoner Trust Account Statement**[3] and the **Consent to Collection of Fees from Trust Account** to the Clerk within fourteen days of the date this Order is served.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a Prisoner Trust Account Statement form, and (2) the Consent to Collection of Fees from Trust Account form.

Plaintiff shall have fourteen days from the service of this Order to fill out and return **both forms**. Once plaintiff has complied with the

---

[3] McPherson filed an account statement for his prisoner trust account. *See* doc. 2-1. He is advised that submission does not alter his obligation to comply with this Order. As discussed above, he must return the completed Prisoner Trust Account Statement form timely if he wishes to pursue this case.

5

conditions of this Order, the Court will review plaintiff's Complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the Complaint.  If no response is timely received from plaintiff, the Court will presume that plaintiff desires to have this case voluntarily dismissed.

**Failure to comply with this Order within fourteen (14) days of the date this Order is served shall result in the recommendation of dismissal of plaintiff's case, without prejudice.**

McPherson has also filed several motions that can be resolved immediately.  First, he has requested the appointment of counsel.  *See* doc. 3.  He states that his is unable to afford counsel, his incarceration will limit his ability to litigate, and disposition of this case "will less likely involve conflicting testimonies," but he concedes that the underlying evidence is "clear and obvious."  *Id.* at 1.  McPherson has no constitutional right to counsel in this civil case.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in

6

making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "[T]his Court has repeatedly found that prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigation in a case while incarcerated." *Holzclaw v. Milton*, 2019 WL 1474398, at * 1 (S.D. Ga. Apr. 3, 2019) (internal quotation marks and citation omitted); *see also Bell v. Lamb*, 2021 WL 1954739, at * 3 (S.D. Ga. Mar. 30, 2021).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). While the

Court, as discussed below, is skeptical, to say the least, of the merits of McPherson's arguments, there is no indication that he has any difficulty presenting "the essential merits," of his claims, such as they are, to the Court.   There is, therefore, no indication of any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096.  McPherson's Motion is, therefore, **DENIED**.  Doc. 3.

McPherson next requests that documents he filed in another case in this Court be returned to him.  *See* doc. 4 (citing *McPherson v. Georgia Dept. of Corrs.*, 6:23-cv-068 (S.D. Ga. Nov. 22, 2023)).  Requests for relief related to his prior case must be filed in that case, not this one.  Moreover, to the extent that McPherson requests copies of documents filed into that case, he is not entitled to free copies.  *See, e.g., Jackson v. Fla. Dept. of Fin. Servs.*, 479 F. App's 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings.").  McPherson is free to request copies of documents from the Clerk, in the appropriate case, at the cost of $0.50 per page.  Because the instant Motion is improperly filed in this case and meritless, it is **DENIED**.  Doc. 4.

McPherson has also requested a "speedy trial" in this case. *See* doc. 5.  "District courts have unquestionable authority to control their own dockets.  [Cit.]  This authority includes broad discretion in deciding how best to manage the cases before them."  *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotations and citations omitted).  Notwithstanding that this Court has discretion to control its docket, the basis for McPherson's Motion is facially frivolous.  While he asserts imminent danger, in an entirely conclusory fashion, he also asserts that his incarceration is illegitimately imposed "upon the actual human being (third party innocent) person illegally and unlawfully recognized, as an artificial non-human defendant-corporate person . . . ."  Doc. 5 at 1.  The "actual" vs. "corporate" person distinction indicates that McPherson subscribes to the delusional and frivolous tenets of the "sovereign citizen" theory.  *Cf. Wood v. United States*, 161 Fed. Cl. 30, 34 (2022).  Under the routinely discredited theory, "[a]ll Sovereign Citizens therefore have two identities: a real 'private' individual and a fictional 'public' person.  Refusing to be used as collateral can hypothetically result in access to a trust fund held in the fictional person's name at the U.S. Treasury."  *Id.* (internal citation omitted).  Such theories also frequently

9

invoke "a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized." *Id.* McPherson's other pleadings confirm that he subscribes to the theory. *See, e.g.,* doc. 1-5 at 2-4.

"Sovereign citizen" theories have been consistently rejected by the federal courts as utterly frivolous, regardless of how the litigants portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. Jan. 7, 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars.") (citation omitted)); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii July 2, 2015).   This Court has recognized that such claims are properly dismissed as frivolous. *See, e.g., Owens v. Wilcher*, 2022 WL 2440808, at *2 (S.D. Ga. July 5, 2022); *Williams v. Deal*, 2018

WL 5624309, at *1 (S.D. Ga. Oct. 19, 2018) ("To call 'sovereign citizen' arguments 'nonsense' would be an insult to nonsense; such arguments are utterly worthless . . . ."). Since McPherson's Motion is frivolous, it is **DENIED**. Doc. 5.

Finally, McPherson has filed a purported Motion for Summary Judgment. Doc. 6. That "Motion" merely notes that McPherson has verified his pleading and "the above-mentioned claims, thats supported by attached filed Exhibits (C), (G), (H), (I), evidence in support of showing fully exhausted Granted grievance submitted by Plaintiffs, as accept true, also see Exhibit (k) evidence." *Id.* at 1. While a request for summary judgment before a defendant has been served and answered is not precluded by the Federal Rules, such a disposition is not preferred. *See, e.g., Simpson v. Reverse Logistic Trends, LLC*, 2006 WL 8437422, at *1 (N.D. Ala. Dec. 1, 2006). Consideration of such a request requires, at least, the evaluation of McPherson's Complaint otherwise required by 28 U.S.C. § 1915A. Subject to his compliance with the instructions above,

11

the Court will address his Motion for Summary Judgment when it conducts the screening required under § 1915A. *See* 28 U.S.C. § 1915A(a)

**SO ORDERED,** this 25th day of April, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA